UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**KENNETH A. WILLIAMS, JR.**                                                                                   **PLAINTIFF**

**v.**                                                                                   **CIVIL ACTION NO. 1:22-CV-143-GNS**

**GRAVES GILBERT CLINIC** *et al.*                                                                                   **DEFENDANTS**

### MEMORANDUM AND ORDER

This is a *pro se* civil action brought by Plaintiff Kenneth A. Williams, Jr. By prior Order, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* and ordered that he pay the $402.00 filing fee for this action within 30 days of entry of the Order (DN 4). Shortly after entry of that Order, Plaintiff filed a motion to "dismiss this case 'without prejudice'" (DN 5). In the motion, Plaintiff states that he seeks to dismiss the case because he has "decided to proceed with this case in State Court with possibly representation from the Kentucky Commission of Human Rights."

The Federal Rules of Civil Procedure allow the voluntary dismissal of an action by a plaintiff without order of the court "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands[.]" *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993). The dismissal is effective immediately upon filing of the notice. In fact, "once plaintiff gives his notice, the lawsuit is no more." *Id.* The voluntary dismissal without prejudice "render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought." *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977).

Because no Defendant has filed an answer to this action, the Court construes Plaintiff's motion to be a notice of dismissal filed pursuant to Rule 41(a). Consequently, **the DISMISSAL of this action was effective on November 23, 2022,** the date Plaintiff filed his motion to dismiss.

2

*See, e.g., Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541 (6th Cir. 2001) (holding that plaintiff's "unilateral notice was the legally operative act of dismissal pursuant to Rule 41(a)(1)[A](i), making the district court's subsequent order to the same effect superfluous"). Accordingly, **the Clerk of Court is DIRECTED to terminate the instant action as of November 23, 2022,** and to strike this matter from the Court's active docket.

Date: December 22, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4416.011